# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Ronnie Frazier,**
**Plaintiff Below, Petitioner**

**FILED**

**January 5, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 17-0108** (Kanawha County 15-C-1584)

**General Motors,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ronnie Frazier, by counsel Timothy P. Rosinsky, appeals the December 16, 2016, and January 4, 2017, orders of the Circuit Court of Kanawha County granting summary judgment to Respondent General Motors, and denying petitioner's motion for reconsideration. Respondent General Motors, by counsel Michael J. Gregg, filed a response brief in support of the court's orders.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 24, 2014, petitioner purchased a new 2015 Chevrolet Equinox at an authorized dealership of Respondent General Motors, LLC ("GM"). The purchase price of the vehicle was $28,975.29. While driving the vehicle, petitioner discovered that the vehicle would vibrate while the vehicle was idle and the windshield wipers were on the highest setting. Between March and August of 2015, petitioner took the vehicle to three different GM dealerships on four occasions. At each dealership, a GM mechanic inspected the vehicle and told petitioner that the vibration was a normal characteristic of the vehicle, and not the result of a defect in materials or workmanship covered under the manufacturer's express warranty.

On July 22, 2015, petitioner sent an undated certified letter to GM. The letter notified GM of the alleged defective condition, and offered GM an opportunity to repair the defect. GM responded that the reported vibration was a normal characteristic of the vehicle and not subject to the express warranty. Petitioner subsequently filed suit against GM alleging a violation of West Virginia Code § 46A-6A-1 through -9, or the "lemon law" statute, to which GM filed an answer. In his complaint petitioner alleged that the vehicle failed to conform to the terms of the manufacturer's express warranty, and that the alleged nonconformity constituted substantial impairment under the lemon law statute. The circuit court entered a scheduling order, and set trial in December of 2016.

1

Following a pre-trial conference on September 8, 2016, the circuit court ordered the parties to submit a memorandum on the issue of whether petitioner's complaint of a noticeable vibration in the vehicle constituted a "defect" under the lemon law statute. On October 19, 2016, petitioner submitted a motion to amend the complaint. Petitioner sought to amend his complaint to add a claim for breach of implied warranty. On November 29, 2016, GM filed its motion for summary judgment, and noticed the pre-trial hearing on the motion for December 16, 2016. On December 13, 2016, the circuit court informed the parties that it was cancelling the pre-trial hearing, and would address all of the outstanding motions in an order.[1]

On December 16, 2016, the circuit court denied petitioner's motion to amend the complaint, and ruled that based upon the record before it, there was no genuine issue of material fact and GM was entitled to summary judgment as a matter of law. Petitioner filed a motion for reconsideration on January 3, 2017. In its order denying the motion, the circuit court recounted that petitioner failed to file a response to respondent's motion for summary judgment until five days after the scheduled pre-trial hearing. The circuit court further noted that the petitioner's counsel provided an e-mail address that was deleted or invalid during the course of the proceedings. Finally, the circuit court determined that even if petitioner's response to the motion were timely filed, it remained unconvinced that the vibration caused by the windshields satisfied the requirements of "nonconformity" or of "substantial impairment under West Virginia law. Petitioner now appeals the December 16, 2016, order of the Circuit Court of Kanawha County granting summary judgment to respondent, and the January 4, 2017, order denying his motion for reconsideration.

"A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). Further, "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. Pt. 2, *id.* (internal citations omitted).

In his first assignment of error, petitioner asserts that although West Virginia Code § 46A-6A-2 does not define the term "defect", Merriam Webster's dictionary defines "defect" as "a physical problem that causes something to be less valuable, effective, [and] healthy." Petitioner argues that there is a genuine issue regarding whether the complained of vibration substantially impaired or affected the use and or value of the vehicle, and that the circuit court erred in finding otherwise. Petitioner complains that, although he has been told by three different GM dealers that the vibration is not a defect, he is now required to disclose this condition upon selling his vehicle, and that this disclosure will affect the market value of the vehicle.

We have held that,

[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

---

[1] Petitioner did not file a response to respondent's motion for summary judgment until after the circuit court issued its order granting summary judgment to GM.

Syl. Pt. 4, *Painter.* Here, the circuit court found that a threshold issue petitioner must demonstrate under West Virginia Code § 46A-6A-1 through -9, or the "lemon law" is that a nonconformity, as determined by the express warranty, is present in the vehicle. The circuit court found that GM"s written limited warranty, is an express warranty under the lemon law statute, and that it covers only defects in "materials and workmanship." The circuit court held that the warranty specifically did not cover slight noise, vibrations, or other normal characteristics. As a result, the circuit court found that the condition was not a defect in factory materials or workmanship, and that petitioner did not provide any technical or expert evidence to dispute this finding.

The circuit court also found that, even assuming the condition constituted a nonconformity, petitioner was unable to show that the nonconformity substantially impaired the use or market value of the motor vehicle. The circuit court cited petitioner's sworn testimony, wherein he testified that he purchased the vehicle for ordinary transportation, has used the vehicle for ordinary transportation since he received it, and that continues to drive the vehicle. The circuit court noted that petitioner testified that the vehicle never stalled while driving; never failed to start; and never broke down, leaving petitioner stranded. While petitioner complained of vibration when the windshield wipers were on their highest setting, the circuit court noted further that the windshield wipers always worked and petitioner was always able to drive when the windshield wipers were on. Based upon our review of the record before us, we find no error.

We further find that the circuit court did not err in denying petitioner's motion to amend the complaint. Petitioner sought to amend his complaint to add a new claim for breach of implied warranty. We have held that,

> [a] trial court is vested with a sound discretion in granting or refusing leave to amend pleadings in civil actions. Leave to amend should be freely given when justice so requires, but the action of a trial court in refusing to grant leave to amend a pleading will not be regarded as reversible error in the absence of a showing of an abuse of the trial court's discretion in ruling upon a motion for leave to amend.

*Syl. Pt. 5, Poling v. Belington Bank, Inc.*, 207 W. Va. 145, 529 S.E.2d 856 (1999) (citation omitted). The circuit court found that a warranty of merchantability is "implied in any contract for the sale of goods where the seller is a merchant with respect to goods of that kind and assures the buyer that, among other things, the goods are fit for the ordinary purposes for which they are used," and that a vehicle is "merchantable" if it is fit for basic transportation. *Mountaineer Contractors, Inc. v. Mountain State Mack, Inc.*, 165 W. Va. 292, 295-96, 268 S.E.2d 886, 889 (1979). *See also* West Virginia Code § 46-2-314(2)(c) ("Goods to be merchantable must be at least such as are fit for the ordinary purposes for which such goods are used[.]") Consequently, the circuit court reasoned that vehicle was safe for transportation and merchantable, as petitioner had accumulated approximately 18,000 miles on the vehicle "without incident." Accordingly, we find the circuit court did not abuse its discretion in denying petitioner's motion to amend the complaint.

Petitioner cites a second assignment of error alleging that the circuit court erred in denying his motion for reconsideration. However, petitioner's "argument" contains neither

citations to the record, nor does it cite to any authority regarding his position, as is required by Rule 10 of the West Virginia Rules of Appellate Procedure. "Although we liberally construe briefs in determining issues presented for review, issues which are . . . mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 622 (1996). Further,

> [p]ursuant to Rule 10(j), failure to file a complaint brief "may result in the Supreme Court refusing to consider the case, denying argument to the derelict party, dismissing the case from the docket, or imposing such other sanctions as the Court may deem appropriate."

Administrative Order, Re: Filings that Do Not Comply with the Rules of Appellate Procedure (2012). As a result, we decline to consider petitioner's arguments in this regard as the same were not properly presented to this Court.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 5, 2018

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker